IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS and ANGELICA B. AMBROSE, as Administrative Manager, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | CIVIL ACTION NO. |
| vs. | ) ) | JUDGE |
| UNIQUE CASEWORK INSTALLATIONS, INC., an Illinois corporation, and PATRICIA DAVIS, an individual, | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

The Plaintiffs, CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS and ANGELICA B. AMBROSE, Administrative Manager, by their attorneys, complaining of the Defendants, UNIQUE CASEWORK INSTALLATIONS, INC., an Illinois corporation, and PATRICIA DAVIS, an individual, allege as follows:

**Count I**

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs, the CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS, are various welfare, pension and related joint, labor-management funds and bring this action as

"employee welfare benefit funds," and "plans," under ERISA and Plaintiff, ANGELICA B. AMBROSE, is the Administrative Manager of Plaintiff Funds and a fiduciary with respect thereto. Plaintiff Funds are administered within this District.

        3.        Defendant, UNIQUE CASEWORK INSTALLATIONS, INC. ("Unique"), is an employer obligated to make fringe benefit contributions to the Funds, under the terms of the certain "Agreements and Declarations of Trust" that establish and outline the administration of these Funds, and, pursuant to the terms of a collective bargaining agreement entered into by Defendant that adopts these "Agreements and Declarations of Trust."

        4.        As an employer obligated to make fringe benefit contributions to the Funds, Defendant, Unique, is specifically required to do the following:

    (a)    To submit to Plaintiffs for each month, by the 15th day of the month following the month for which the report is made, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

    (b)    To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable agreements;

    (c)    To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

    (d)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in the amount of 10 percent of any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above, together with interest as provided in ERISA, 29 U.S.C. §1132(g);

    (e)    To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the

        reporting or submission of all contributions required of it to be made to Plaintiffs;

    (f)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

    (g)    To furnish to Plaintiffs a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiffs, to cover future contributions due the Plaintiffs.

5.    Defendant, Unique, is delinquent and has breached its obligations to Plaintiffs and its obligations under the plans in the following respect:

    Defendant has failed and refused to submit all of its reports to Plaintiffs due, to date, and/or, has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs.

6.    That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, Unique, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7.    Plaintiffs have requested that Defendant, Unique, perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8.    Defendant's, Unique, continuing refusal and failure to perform its obligations to Plaintiffs is causing and will continue to cause irreparable injuries to Plaintiffs for which Plaintiffs have no adequate remedy at law.

    WHEREFORE, Plaintiffs pray:

(A) That an account be taken as to all employees of Defendant, Unique, covered by the collective bargaining agreement or agreements as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(B) That Defendant, Unique, be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(C) That judgment be entered in favor of Plaintiffs and against Defendant, Unique, for all unpaid contributions, liquidated damages, any costs of auditing Defendant's, Unique, records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(D) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's, Unique, cost.

## Count II
## Breach of Promissory Note

9. Plaintiffs reallege and incorporate by reference Paragraphs 2 through 8 into this Count.

10. Plaintiffs state that federal jurisdiction over this claim is also proper as this claim is "so related" to the claim in Count I that it forms "part of the same case or controversy." 29 U.S.C. §1367.

11. Defendants have not timely paid $14,514.13 of the remaining amount due under the Promissory Note. Defendants have failed to observe the terms of and breached the Promissory Note, and are liable therefore for breach of contract.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants for the balance due on the Promissory Note ($14,514.13), and such further relief as may be deemed just and equitable by the Court.

/s/   Laura M. Finnegan

Catherine M. Chapman
Laura M. Finnegan
Attorneys for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone:  (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\CarpsJ\Unique Casework\#26458\complaint.lmf.df.wpd